SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7000

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DUANE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. C 07-3563-EDL<br><br>UNITED STATES' NOTICE OF<br>AND MOTION TO DISMISS<br><br>DATE: October 23, 2007<br>TIME:  9:00 a.m.<br>PLACE: 15th Floor, CR E |

**NOTICE OF MOTION AND MOTION TO
DISMISS ACTION AS MOOT**

　　The United States of America, by and through its undersigned counsel, hereby moves the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b) for lack of subject matter jurisdiction and mootness.  In support of its motion, the United States submits as follows:

**BACKGROUND**

　　Petitioner herein seeks to quash an Internal Revenue Service (IRS) administrative Summons issued to World Savings Bank by the Internal Revenue Service.  Plaintiff alleges that the IRS failed to provide the Petitioner notice of the Summons as required by the Internal Revenue Code; that the summons was issued in bad faith and for an improper purpose; and on the grounds that the summons is overbroad. Complaint ¶ 7.

　　On August 30, 2007, the IRS issued a letter to the summoned entity formally withdrawing

1  the summons. Declaration of Cynthia Stier, Ex. A.

2  As will be shown below, this action must be dismissed as moot with respect to the
3  summons because it has been withdrawn.

4  **DISCUSSION**

5  Petitioner bears the burden of proving that subject matter jurisdiction exists in this
6  proceeding. *Association of Am. Med. Colls. v. United States,* 217 F.3d 770, 778 (9th Cir.
7  2000). In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R.
8  Civ. P. 12(b)(1), courts may consider affidavits and other evidence supporting or contradicting
9  a petitioner's jurisdictional allegations. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th
10 Cir. 1989). As will be shown below, the Court lacks subject matter jurisdiction to quash the
11 summons at issue herein because it has been withdrawn by the IRS. Consequently, this action
12 must be dismissed.

13 A. <u>This Action Is Moot Because the Summonses Have Been Withdrawn by the IRS.</u>

14 On August 30, 2007, the IRS formally withdrew the Summons at issue in this matter.
15 Decl., Ex. A. Because that summons is no longer being pursued by the IRS, this action is
16 moot due to the lack of a case or controversy.

17 The jurisdiction of federal courts to decide cases is limited by the requirement set forth in
18 Article III, § 2 of the Constitution that a case or controversy exist, and a case is moot if that
19 requirement is not satisfied. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, "[t]o
20 qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all
21 stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English
22 v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted). Mootness can arise at any stage of the
23 litigation. *Calderon v. Moore*, 518 U.S. 149, 150 (1996). Inasmuch as the summons has been
24 withdrawn, the questions presented by the petition to quash are moot. As no case or
25 controversy exists, the petition must be dismissed for lack of jurisdiction. *See, e.g., Dollar v.
26 United States*, Civ. No. C84-978M, 1985 WL 6009, at *1 (W.D. Wash. March 5, 1985)
27 (summons withdrawn so petition is moot); *Pac. Fisheries, Inc. v. United States*, 484 F.3d 1103
28 (9th Cir. 2007); *Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) ("[b]ecause the

1  summonses were thus withdrawn, there are no summonses to quash, and petitioner's motion to
2  quash must be denied"); *Kearns v. United States*, 580 F. Supp. 8 (S.D. Ohio 1983) ("as the
3  respondent has withdrawn the first summons, there is no longer a case or controversy for this
4  Court to adjudicate with respect to the first summons"). *See also Malone v. IRS*, 237 F.2d 54,
5  55 (6th Cir. 1956) (when, during appeal, summons was withdrawn, appellate court remanded
6  case to district court to vacate order and dismiss petition to quash as moot).

## CONCLUSION

The petition herein must be dismissed as moot because the Summons at issue has been withdrawn by the IRS.

WHEREFORE, for all of the reasons stated above, the United States respectfully requests that the Court dismiss the instant petition.

SCOTT SCHOOLS
United States Attorney

Date: September 6, 2007         /s/ Cynthia Stier
                                CYNTHIA STIER
                                Assistant United States Attorney
                                Tax Division

                                Attorney for Defendant, United States of
                                 America

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28